IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell Grant,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Horry County Beach Patrol Officer Queen;<br>and Jard P. Soury, Horry County Police<br>Officer,<br><br>　　　　　Defendants. | C/A No. 4:23-cv-5959-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Terrell Grant, a pro se litigant, filed this action alleging a violation of his civil rights by Horry County Beach Patrol Officer Queen and Horry County Police Officer Jard P. Soury. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). [ECF No. 29.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 7. Plaintiff filed objections. [ECF No. 32.] And this matter is ripe for the court's review.

## STANDARD OF REVIEW

　　　　The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar,* 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a

1

de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As an initial matter, the court agrees with the factual and procedural background set forth in the Report, and the court adopts the same. The Report also correctly recites the law and applies it to Plaintiff's case. However, based on the information provided by Plaintiff and the docket from

Plaintiff's federal criminal case, it appears the posture of Plaintiff's case has changed. Nevertheless, the action is still subject to summary dismissal.

Plaintiff originally filed this complaint seeking both monetary and injunctive relief based on alleged violations of his civil rights by Officer Queen and Officer Soury. *See* ECF Nos 1; 29 at 1–2. Plaintiff alleged claims of false arrest and illegal search. *Id.* The magistrate judge issued three proper form orders identifying deficiencies in Plaintiff's complaint and directing him to file an amended complaint to bring the case into proper form. [ECF Nos. 10, 18, 23.] In particular, the magistrate judge noted that Plaintiff's claims for injunctive relief were subject to dismissal based upon the *Younger*[1] doctrine, which requires federal courts to abstain from interfering in state court proceedings in certain circumstances. *See* ECF No. 23 at 3–4. Further, as to Plaintiff's request for monetary relief, Plaintiff failed to allege any facts to show that his criminal proceedings were terminated in his favor, which meant his false arrest claim was subject to summary dismissal. *Id.* at 4. Likewise, since Plaintiff failed to show either his charges or his subsequent conviction had been invalidated, his illegal search claims were also subject to summary dismissal. *Id.* at 4–5. When Plaintiff did not file an amended complaint, the magistrate judge recommended dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. [ECF No. 29.]

Plaintiff filed objections on May 6, 2024. [ECF No. 32.] In his objections, Plaintiff reiterates his arguments that his arrest was the result of an unlawful search and seizure. *Id.* He also indicates that his state charges have been dismissed and that he was, at that time, "being held federally for the weapon found in the vehicle during the traffic stop . . ." *Id.* at 1.

A review of this court's docket shows that Plaintiff was prosecuted in federal court as a result of the stop he challenges in the instant action. *See United States v. Terrell Devane Grant*,

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

4:23-cr-512-JD. On January 18, 2024, Plaintiff pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). *See United States v. Terrell Devane Grant*, 4:23-cr-512-JD, ECF Nos. 50, 51. He was sentenced to 87 months' imprisonment on June 14, 2024.[2] *See United States v. Terrell Devane Grant*, 4:23-cr-512-JD, ECF Nos. 63, 64, 65.

The court agrees with the magistrate judge that Plaintiff's claims for monetary relief are subject to summary dismissal since he has not alleged either that the criminal proceedings related to his arrest terminated in his favor or that his conviction has been invalidated. And the court incorporates the discussion from the Report as to those issues here. [ECF No. 29 at 4–5.] As to his claims for injunctive relief, Plaintiff admits in his objections that he is no longer in state custody, so any claim that he should be released from state custody would now be moot. To the extent Plaintiff otherwise seeks injunctive relief, he has failed to meet the Rule 8 pleading standard, and his claim is subject to summary dismissal. *See* Fed. R. Civ. P. 8(a). Plaintiff's objections largely restate his claims and fail to cure or clarify the deficiencies in his complaint as described here and in the Report. Accordingly, the court overrules his objections.

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 29, and incorporates the Report by reference herein. This action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

December 10, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[2] According to the docket in his criminal case, Plaintiff's sentence was vacated for reasons unrelated to any of his claims here, and he is scheduled to be resentenced this month.